IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL McLEAN | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-06-2899 |
| | * | |
| HOME DEPOT U.S.A., INC. | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Michael McLean ("Plaintiff" or "McLean"), a customer of Defendant Home Depot U.S.A., Inc., of Atlanta, Georgia ("Defendant" or "Home Depot") brings this action against Defendant alleging, *inter alia*, discrimination based on race, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. Currently pending before the Court is Defendant's Motion to Dismiss [4]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, this Court will GRANT-IN-PART and DENY-IN-PART Defendant's motion to dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts are taken in the light most favorable to the Plaintiff. On May 17, 2005, Plaintiff, an African-American customer, drove to the Home Depot in Aspen Hill, Maryland to purchase a gift certificate for two thousand dollars ($2,000.00). Plaintiff presented his Maryland Driver's license and credit card to a cashier who then passed the items to Margy Taylor ("Taylor"), the assistant manager. Plaintiff claims that Taylor and Steven Diddle ("Diddle"), the manager, scrutinized Plaintiff through a window. Plaintiff asserts that Taylor then approached him and stated that she

could only sell him a gift certificate for one thousand dollars ($1,000.00), even after Plaintiff advised her that he had previously purchased gift certificates for two thousand dollars ($2,000.00).

After Taylor told him that she did not care what he had previously done, Plaintiff claims that he asked to speak with a manager. Thereafter, Plaintiff still purchased a gift certificate for one thousand dollars ($1,000.00). Plaintiff later gave the gift certificate to his contractor to purchase materials. Subsequently, Plaintiff's contractor took the certificate to the Home Depot located in Hyattsville, Maryland, where the cashier informed the contractor that the card was invalid. Consequently, the Cashier stated that she was obligated to confiscate the certificate. Plaintiff then proceeded to the Home Depot in Hyattsville and spoke with his contractor, as well as Miss Shattuck ("Shattuck"), the cashier. Shattuck contacted Taylor, and Plaintiff claims that Taylor told Shattuck that she did not like the way Plaintiff looked, that she did not trust him, and that she voided the card twenty minutes after he left. Consequently, on November 3, 2006, Plaintiff filed this six count complaint against Defendant. Currently before the Court is Defendant's motion to dismiss. The motion is ripe, and the Court now issues this opinion.

**STANDARD OF REVIEW**

*Motion to Dismiss*

A court should deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*,

125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Therefore, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

**ANALYSIS**

Defendant filed a motion to dismiss (1) Count II of Plaintiff's Complaint seeking relief for discrimination in a place of public accommodation in violation under 42 U.S.C. § 2000(a), *et seq.*; (2) Count IV, Plaintiff's common law claim for negligence; (3) Count V, Plaintiff's common law claim for negligent hiring/retention/and supervision; and (4) Plaintiff's common law claim for negligent infliction of emotional distress in Count VI of Plaintiff's Complaint. In his response to Defendant's motion to dismiss, Plaintiff withdrew his Title II of the Civil Rights Act claim as well as his negligent infliction of emotional distress portion to Count VI of his Complaint. As such, the

Court will GRANT Defendant's motion to dismiss Plaintiff's claim under 42 U.S.C. §2000(a), *et seq*., and his negligent infliction of emotional distress claim. The remaining issues are whether Plaintiff has sufficiently stated a claim for negligence and negligent supervision/retention/hiring. The Court will address each inquiry in turn.

1. Count IV: Negligence

To prove negligence under Maryland law, a plaintiff must prove that: 1) the defendant was under a duty to protect the plaintiff from injury; 2) the defendant breached that duty; 3) the plaintiff suffered actual injury or loss; and (4) the loss or injury proximately resulted from the defendant's breach of the duty. *Valentine v. On Target, Inc.*, 727 A.2d 947 (Md. 1999). In Maryland, the existence of a legal duty is a question of law to be decided by the court. *Doe v. Pharmacia & Upjohn Co., Inc.*, 879 A.2d 1088 (Md. 2005). In the absence of a duty of care, there can be no liability in negligence. *Walpert, Smullian & Blumenthal, P.A. v. Katz, et al.*, 762 A.2d 582 (Md. 2000). "[I]f the risk created by negligent conduct is no greater than one of economic loss, generally no tort duty will be found absent showing of a privity or its equivalent." *Jacques v. First National Bank*, 515 A.2d 756 (1986).

Here, the Court does not believe that Plaintiff has alleged a cognizable legal duty, under negligence, separate from the requisite facts for his Section 1981 (Count I) and Section 1982 (Count III) claims. Accordingly, the Court will dismiss Plaintiff's negligence claim (Count IV). However, after discovery, if Plaintiff has developed sufficient facts to make out a cognizable legal claim, then the Court will consider a motion to reinstate Plaintiff's negligence claim. But, at this time, as Plaintiff has failed to state a legal cognizable claim, the court will GRANT Defendant's motion to dismiss Plaintiff's negligence claim.

2. Count V: Negligence (Respondeat Superior)

Next, Plaintiff contends that Defendant was negligent in hiring, retention, and supervision of its employees at the Home Depot in question. To prove negligence under a theory of *respondeat superior*, Plaintiff must show that Defendant's employee committed a tortious act against Plaintiff, that Defendant had breached a duty to Plaintiff, and that Plaintiff suffered damages as a result of that breach. *See Penhollow v. Bd. of Comm'rs for Cecil County*, 695 A.2d 1268, 1284 (Md. 1997) (citing *Cramer v. Housing Opportunities Comm'n*, 501 A.2d 35 (Md. 1985). Here, Plaintiff alleges tortious acts by Defendant's employee's intentional discrimination. Plaintiff asserts that Defendant breached its duty to provide him with customer service commensurate with White patrons, including its policy governing the purchase of gift certificates. Furthermore, Plaintiff claims that Defendant's breach forced Plaintiff to endure extreme embarrassment and humiliation, due to its discriminating treatment of Plaintiff and that he suffered damages as a result of that breach. Therefore, at this early stage in litigation, and before discovery has been initiated, the Court believes that Plaintiff has adequately stated a cognizable legal duty under a theory of negligent hiring, retention, and supervision to survive a motion to dismiss. As such, the Court will DENY Defendant's motion to dismiss Count V of Plaintiff's Complaint.

## CONCLUSION

For all of the aforementioned reasons, the Court will GRANT-IN-PART and DENY-IN-PART Defendant's Motion to Dismiss. An Order consistent with this Memorandum Opinion will follow.

Date:  May 15, 2007                                      /s/
                                              Alexander Williams, Jr.
                                              United States District Court Judge